Patricia Ann Morrison Dunnavant

v.

Edward Melvin Dunnavant, Jr.

July 20, 1979

Case No. D-9808-3

By JUDGE WILLARD I. WALKER

At a hearing on this case on June 20, 1979, the court denied the motions of counsel for the defendant, as follows:
1. Motion to quash service of process;
2. Motion to strike the evidence;
3. Motion to not entry final decree;
4. Motion to deny entry of order as to custody, etc.
5. Motion to order counseling.

The court took under advisement the defendant's motion to quash interrogatories and/or for protective order. The court also took under advisement plaintiff's motion to compel discovery and for sanctions. And the court further took under advisement the motion entitled motion to strike the bill of complaint, which the court will treat as a motion to dismiss.

In view of the rulings of the court hereinafter stated, there is no need to consider the matters raised on a motion to quash interrogatories, etc., or the motion to compel answers to interrogatories or for sanctions.

The motion of the defendant to dismiss the bill of complaint is granted.

Counsel for the plaintiff in support of his position relies principally upon the case of *McKee* v. *McKee*, 206 Va. 527 (1965). The essential facts of the *McKee* case are as follows: Mrs. McKee was alleged to have committed

adultery with Perkins on January 19, 1964. Subsequent to that adulterous occasion, Mrs. McKee, professing her innocence, agreed to behave dutifully as a wife in the future. The parties resumed cohabitation as husband and wife and, accordingly, Mr. McKee condoned the alleged adulterous conduct. On February 11 Mr. McKee discovered that his wife was either engaged in further acts of adultery with Perkins or that at least she was engaged in conduct which amounted to a resumption of her relationship with Mr. Perkins. Mr. McKee also discovered that his wife had committed adultery with someone else in 1963, an act which he had not condoned by his resumption of cohabitation with Mrs. McKee in January and February of 1964. Subsequent to all of these events, however, Mr. McKee filed suit on February 18, 1974, and the question raised in the suit by the Supreme Court of Virginia on its own motion was whether or not the resumption of cohabitation between Mr. and Mrs. McKee amounted to such condonation as would bar Mr. McKee's action, particularly when it was understood there was a prior act of adultery which had not been condoned and when it was also alleged and proven that Mrs. McKee had resumed her relationship with Perkins. The court, citing 17 Am. Jur., *Divorce and Separation*, § 245, p. 428, stated:

> Condoned adultery is revived where the guilty party has resumed his association with his former paramour, even without strict proof of an actual repetition of the offense.

It may well be, when all the evidence is in in this case, that Mrs. Dunnavant can rely upon the alleged adulterous conduct of her husband on or about August 10, 1976, these actions being the adulterous acts upon which the bill of complaint filed August 13, 1976, in this court, were predicated; however, there is nothing in the *McKee* case that allows an action to remain validly on the docket of the court when the parties have resumed cohabitation subsequent to the filing of the divorce action. In order for this case to be governed by the provisions of *McKee* v. *McKee*, it must appear that the alleged adulterous conduct took place prior to the filing of the suit, the parties resumed cohabitation prior to the filing of the

suit, and the alleged guilty party resumed the meretricious relationship prior to the filing of the suit. Under those facts, we would have a *McKee* situation, and it could be said, if the evidence justified it, that there had been no true condonation by Mrs. Dunnavant of the acts of Mr. Dunnavant because the condoned adultery would be revived when the guilty party resumed his association with his former paramour.

In this case, from a factual standpoint, the alleged adultery occurred on August 8, August 10, 1976. Suit was filed on this adulterous conduct on August 13, 1976, and sometime thereafter it is conceded that the parties resumed the marital relationship and resumed cohabitation. The defendant never filed any pleadings to the bill of complaint, which is understandable, since the parties had resumed the marital relationship; nor was any order tendered to the court which would dismiss the case because of condonation. This most certainly should have been done. It is not proper for a bill of complaint alleging adultery to remain on the court's docket when the condonation has taken place with the idea that the suit could be revived at any point in the future when the alleged guilty party is guilty of further sins, or at least guilty of resuming some relationship with the original paramour.

I do not pass upon the question in this decision as to whether or not Mrs. Dunnavant may rely upon the alleged acts of adultery on August 8, August 10, 1976, in seeking her divorce against Mr. Dunnavant, but this action is not valid and must be dismissed. Naturally, Mrs. Dunnavant would have the right to proceed by a new suit.